**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| REZA TOULABI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MOHAMMED TARIQ SIDDIQUI, | ) |
| TLC CONSULTANTS, INC., | ) |
| REZA'S OF OAKBROOK INC., | ) |
| d/b/a Reza's restaurant of Oakbrook, | ) Jury Trial Demanded |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT**

Now comes Plaintiff, Reza Toulabi, by his attorney, Michael C. Goode, and for his complaint against Defendants Mohammed Tariq Siddiqui (herein also Tariq Siddiqui), TLC Consultants, Inc., and Reza's of Oakbrook Inc. d/b/a Reza's restaurant of Oakbrook, alleges as follows:

**COUNT ONE
FALSE DESIGNATION OF ORIGIN, IMPROPER USAGE AND
FALSE DESCRIPTION UNDER THE LANHAM ACT, 15 U.S.C. §1125(a)**

**The Parties**

1. Plaintiff Reza Toulabi is an individual and a resident of the State of Illinois.

2. Plaintiff Reza Toulabi is the owner of the Mark "Reza's."

3. Defendant Tariq Siddiqui, at all times relevant to these proceedings, was an individual and a resident of the State of Illinois.

4. Defendant Tariq Siddiqui is the president and secretary of Defendant TLC Consultants, Inc., an Illinois corporation.

1

5. Defendant Tariq Siddiqui is the president and secretary of Defendant Reza's of Oakbrook Inc., an Illinois corporation, and upon information and belief, is the entity operating and doing business as Reza's restaurant of Oakbrook.

6. **Exhibit A** is a true and accurate copy of the pages and menu of Defendant Tariq Siddiqui's "Reza's restaurant" in Oakbrook, Illinois, 40 N. Tower Road, Oak Brook.

7. Defendant TLC Consultants, Inc., an Illinois corporation, is the owner of real property located at 40 N. Tower Road, Oak Brook, Illinois, at which Defendant Tariq Siddiqui operates a restaurant called "Reza's restaurant of Oakbrook" and at all times relevant knew that Defendant Tariq Siddiqui and Defendant Reza's of Oakbrook Inc. was operating Reza's restaurant of Oakbrook at 40 N. Tower Road, Oak Brook, Illinois.

## Jurisdiction and Venue

8. The Court's jurisdiction over this controversy arises from the following:

   (a) this is an action brought under the Trademark Laws of the United States of America, 15 U.S.C.§§ 1051-1129, and this Court has original jurisdiction over all actions arising thereunder, 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338; and

   (b) certain claims are joined with the substantial and related claims under the Trademark Laws of the United States of America, 15 U.S.C. §§ 1051-1129, and are conferred original and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338 (b) and 1367.

   (c) Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that the Defendants reside in this state, conduct business in this state, and a substantial part of

2

the events or omissions giving rise to the claim occurred in this jurisdiction and in this judicial district.

## FACTUAL BACKGROUND

9. On or about December 15, 1984, Plaintiff Reza Toulabi opened his restaurant in Chicago, Illinois, under the name "Reza's."

10. Beginning in 2004, Plaintiff Reza Toulabi obtained the trademark "Reza's" and since 2004 has consistently used the trademark for eating establishments with which Plaintiff has been involved. **Exhibit B** is a true and accurate copy of Reza's Mark.

11. Since 2004, Plaintiff Reza Toulabi has been involved in additional restaurants, all named "Reza's", at locations that included 40 N. Tower Road, Oakbrook (herein also "the Premises"), in Chicago, and in Evanston.

12. The business that was operated with Plaintiff Reza Toulabi was that of a restaurant/eating establishment and advertised and became known as one that specialized and served to its patrons Persian and Mediterranean Cuisine.

13. **Exhibit C** is a true and accurate copy of Plaintiff Reza Toulabi's menu from Plaintiff's website for Plaintiff Reza Toulabi's restaurants.

14. Plaintiff Reza Toulabi and his business associates secured from the State of Illinois the names "Reza's of Andersonville, Inc.," "Reza on Clark, Inc.", "Reza's River North Inc.", "Reza's Tower Inc.", "Reza Evanston, LLC", "Reza's on Ontario, Inc.", "Reza's of Oak Brook, Inc.", and "Reza Oakbrook, Inc.".

15. In early 2024, Plaintiff Reza Toulabi and his associates ceased operating the restaurant at 40 N. Tower Road, Oak Brook, "Reza's of Oakbrook".

16. Shortly thereafter, the real estate at which "Rezas's of Oakbrook" was operating was sold to Defendant TLC Consultants, Inc., an Illinois corporation.

17. Neither Defendant TLC Consultants, Inc. nor Defendant Tariq Siddiqui nor Defendant Reza's of Oakbrook Inc. is affiliated with Plaintiff Reza Toulabi or Plaintiff's restaurant associates.

18. On or about April 29, 2024, Defendant Tariq Siddiqui formed an Illinois corporation, "Reza's of Oakbrook, Inc.", which is almost identical to the name that Plaintiff Reza Toulabi used, "Reza's of Oak Brook, Inc." and "Reza Oakbrook, Inc.", so that Defendant Tariq Siddiqui could operate "Reza's restaurant" at 40 N. Tower Road, Oak Brook. Defendant TLC Consultants, Inc. knew at all times relevant that Defendant intended to operate and did operate Reza's restaurant of Oakbrook, through Defendant Reza's of Oakbrook Inc., which was the name of the restaurant on the Premises before Defendant Tariq Siddiqui operated Reza's restaurant of Oakbrook.

19. Plaintiff Reza Toulabi has never granted permission for Defendants to use the name "Reza's", "Reza's of Oakbrook, Inc." or "Reza's restaurant" at the real estate at 40 N. Tower Road, Oak Brook and sold to Defendant TLC Consultants, Inc.

20. The restaurant opened by Defendants Tariq Siddiqui and Defendant Reza's of Oakbrook Inc. also serves Persian and Mediterranean food.

21. **Exhibit D** (which is attached to Exhibit F) is a true and accurate photograph of the current sign in front of Defendants' restaurant in Oak Brook.

22. Comparing Plaintiff's website and menu (Exhibit C) to Defendant Tariq Siddiqui's and Defendant Reza's of Oakbrook Inc. website and menu (Exhibit A), Defendant

4

Tariq Siddiqui and Defendant Reza's of Oakbrook Inc. offers virtually the same dishes, with the same descriptions, that Plaintiff Reza Toulabi offered when Plaintiff was located on the Premises and currently still offers at Plaintiff's other locations:

A. Appetizers: Plaintiff Reza's offers 19 appetizers. Of the 19 appetizers, Defendant Tariq Siddiqui and Defendant Reza's of Oakbrook Inc. offers 12 of the same appetizers, with the same description that Plaintiff Reza Toulabi authored, in just about the same order.

B. Soups: Defendants offer two of the same three soups that Plaintiff Reza Toulabi offers, with the same descriptions, in the same order as is found on Plaintiff's menu.

C. Salads: Plaintiff offers five salads. Defendants offer four of Plaintiff's five salads, in the same order, with the same description as is found on Plaintiff's menu.

D. Kebob Combos: Defendants offer "Reza's Kebab Combos", with the same descriptions, as are found on Plaintiff's menu.

E. Signature Kebobs: Defendants offer the same signature kabobs, although not as many, with the same descriptions as Plaintiff offers.

F. Traditional Dishes: Defendants add an additional dish, but otherwise offer the same dishes, although not as many, as Plaintiff.

G. Seafood, Steaks & Chops: Defendants offer the same dishes as are found on Plaintiff's menu, although not as many dishes are offered as on Plaintiff's menu.

H. Side Orders and Desserts: Defendants offer virtually the same as can be found on Plaintiff's menu.

23. Defendants' website boasts that "Reza's restaurant" is "under new management".

24. Plaintiff's Reza's restaurant in Oak Brook was not sold in any form to Defendants or anyone else, therefore Plaintiff's restaurant can not be advertised as being "under new management."

25. Defendants use the website "www.rezarestaurant.com."

26. Plaintiff's restaurant had used the website address of "www.rezarestaurant**s**.com", and still uses this address, for years before Defendants opened "Reza's restaurant" on the Premises.

27. The only difference between Defendants' email address and Plaintiff's email address is the "s".

28. Defendants advertise that they have "acquired Reza's restaurant in Oak Brook. With a deep appreciation for the legendary status it once held, we are committed to restoring its glory for our valued customers…Our vision is to bring back the unforgettable dining experience that Reza's is renowned for."

29. Defendants did not acquire Reza's restaurant in Oak Brook.

30. Over the preceding forty-plus years that Plaintiff Reza Toulabi operated his Reza's restaurants, he had generated substantial profits and goodwill under the trade name and Mark "Reza's" in the State of Illinois. By virtue of Plaintiff Reza Toulabi's continued use of the trade name "Reza's", "Reza's" became distinctive, and it is distinctive and well-recognized, it possesses a strong secondary meaning, and it has extremely valuable good will attached to its Mark.

31. Defendant Tariq Siddiqui, Defendant Reza's of Oakbrook Inc., and Defendant TLC Consultants, Inc., (using the name "Reza's of Oakbrook"), all as owned or operated by Defendant Tariq Siddiqui, deliberately, knowingly, and with intent to mislead

6

others, including but not limited to patrons of Reza Toulabi's Reza's restaurants, used Plaintiff Reza Toulabi's Mark, menu, signage font and colors, and Defendants knowingly offered to the public through Defendant Tariq Siddiqui's website, social media, and advertising, all with the intent to have others believe Defendant Tariq Siddiqui's operating was that of Plaintiff Reza Toulabi's business.

32. All those actions by Defendants were without any permission or authorization or consent of Plaintiff.

33. All those actions by Defendants were intended to mislead the public into believing that when they dined at Defendants' restaurant, they were dining at a restaurant owned and operated by the founder of Reza's restaurant, Plaintiff Reza Toulabi.

34. In addition, and as further damage to Plaintiff, Defendants are selling or distributing a vastly inferior product at Defendant Reza's of Oakbrook restaurant.

35. **Exhibit E** are true and accurate communications on social media regarding Defendants' inferior product and service.

36. On September 6, 2024, Plaintiff, by his attorney, sent to Defendants a Cease and Desist letter informing Defendants that their use of the Reza's name and Mark, media imaging, signage and other such devices, constituted an infringement on Plaintiff's rights and property.

37. **Exhibit F** is a true and accurate copy of the Cease and Desist letter received by Defendant Tariq Siddiqui via Defendant TLC Consultant Inc.'s then president Charles Levy.

38. Shortly thereafter, Defendants closed Reza's restaurant in Oakbrook, leading Plaintiff to believe Defendants were honoring Plaintiff's exclusive right to the name "Reza's".

39. Within a few months of closing, Plaintiff learned Defendants reopened Reza's restaurant in Oakbrook, using the same materials designed and intended to mislead patrons into believing Reza's restaurant in Oakbrook was actually a restaurant owned and operated by Plaintiff Reza Toulabi, and/or that it was the same restaurant as had been operated at that site by Plaintiff RezaToulabi.

40. The continued operation of the "Reza's restaurant" in Oakbrook by Defendants constitutes a violation of the Mark and name owned by Plaintiff. The strong similarity of name, advertising materials, menu items, and web address used by Defendant Tariq Siddiqui to gain patrons at Reza's restaurant in Oakbrook have resulted in a very high likelihood of confusion among the public as to the source of the party's respective restaurant services.

41. Furthermore, in addition to the comments offered in Exhibit E, many of Plaintiff's existing customers and other persons have expressed actual confusion to Reza Toulabi and to his business associate, Ryan Toulabi, as to the ownership of Reza's restaurant of Oakbrook, and many have assumed that restaurant is owned and operated by Plaintiff Reza Toulabi.

42. As a result of the unauthorized, improper and false designation of origin, description of fact, representation of fact and/or use of the name Reza's and Reza's of Oakbrook, Inc. in connection with the goods, services and operation of a full-service restaurant, Defendants have and are likely to cause confusion or mistake or to deceive patrons, the general public and others, as to the affiliation, connection or association of Reza's restaurant of Oakbrook with Plaintiff Reza Toulabi and restaurants owned and/or operated by Plaintiff Reza Toulabi, or as to the origin, sponsorship or approval of

Reza's restaurant of Oakbrook, and its goods and services by Plaintiff, in violation of the Lanham Act, 15 U.S.C. §1125(a).

43. Defendants' acts were undertaken in bad faith and conscious disregard of Plaintiff's rights, in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff, its restaurants, Reza's, and its goods and services.

44. Defendants thereby intended to mislead the public into believing that there is a connection, affiliation, or association between Defendants and its competing restaurant, Reza's restaurant in Oakbrook, and Plaintiff Reza Toulabi and his restaurants.

45. By reason of Defendants' acts, Plaintiff has suffered and will continue to suffer damage and injury to his business, reputation, and goodwill, and will sustain loss of revenues and profits.

46. Unless enjoined by this Court, Defendants will continue to perform the acts complained of and cause Plaintiff damages and injury.

47. An award of punitive damages is appropriate as Defendants exhibited a conscious and deliberate disregard of the rights of others.

**COUNT TWO**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**UNDER THE LANHAM ACT, 15 U.S.C. § 1114**

1-47. Plaintiff repeats and realleges Paragraphs 1-47 of this Complaint as and for this Count Two.

48. As a result of its unauthorized use of the infringing Reza's Mark in connection with the advertising, promotion and operation of Defendants's competing Reza's restaurant

9

of Oakbrook, Defendants are likely to cause confusion or to cause mistake or to deceive the public, in violation of the Lanham Act 15 U.S.C. §§ 1114(1).

49. Defendants are likely to mislead and to continue to mislead prospective consumers as to an affiliation, connection or association of Defendants' restaurant, Reza's restaurant of Oakbrook, with Plaintiff or its restaurants, Reza's, or as to the origin, sponsorship, or approval by Plaintiff of Reza's restaurant of Oakbrook, causing consumers to rely thereon, in violation of the Lanham Act, 15 U.S.C. §§ 1114.

50. Defendants' acts were and are undertaken in bad faith and conscious disregard of Plaintiff's protected trademark rights, in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff, its restaurants, Reza's, and its registered Reza's trademarks.

51. Defendants thereby intended to mislead the public into believing that there is a connection, affiliation, or association between Defendants or its competing restaurant, Reza's restaurant of Oakbrook, and Plaintiff and its restaurants, Reza's.

52. Defendants misappropriated valuable property rights of Plaintiff, is trading on the goodwill symbolized by its registered "Reza's" Mark and, by reason of Defendants' acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, and goodwill, and will sustain loss of revenues and profits.

53. Unless enjoined by this Court, Defendants will continue to perform the acts complained of and cause Plaintiff damages and injury.

54. Any person who utilizes in commerce any reproduction or colorable imitation of a registered trademark in connection with the sale, distribution or advertising of any goods or services or in connection with which such use is likely to cause confusion,

10

mistake or to deceive, without consent of the registrant, shall be liable in a civil action by the registrant. 15 U.S.C. § 1114(1).

55. Available remedies include injunctive relief to prevent the violation of any right of the registrant of a Mark registered in the USPTO, recovery equivalent to three times Defendant's profits, any damages sustained by the registrant and the costs of the action. See, 15 U.S.C. §§ 1116, 1117.

## COUNT THREE
## DILUTION UNDER THE LANHAM ACT, 15 U.S.C. §1125(c)

1-55 Plaintiff repeats and realleges Paragraphs 1-55 of this Complaint as and for Paragraphs 1-55 of Count Three of this Complaint.

56. Plaintiff's "Reza's" name and mark is a distinctive and famous Mark.

57. As a result of their unauthorized use of the infringing Reza's Mark in connection with the advertising, promotion, and operation of Defendants' competing Reza's restaurant of Oakbrook, Defendants have diluted the Reza's Mark by lessening the capacity of the Mark to distinguish the goods and services offered by Plaintiff and by tarnishing the Reza's Mark in violation of the Lanham Act, 15 U.S.C. §1125(c).

## COUNT FOUR
## ILLINOIS COMMON LAW UNFAIR COMPETITION

1-57. Plaintiff repeats and realleges Paragraphs 1-57 of this Complaint as and for Count Four.

58. As a result of its unauthorized use of the infringing Reza's Mark in connection with the advertising, promotion and operation of Defendants' competing restaurant, Reza's restaurant of Oakbrook, Defendants are likely to cause confusion or to cause mistake or to deceive the public, in violation of the common law of the state of Illinois.

59. Defendants are likely to mislead and to continue to mislead prospective consumers as to an affiliation, connection or association of Defendants or its competing restaurant, Reza's restaurant of Oakbrook, with Plaintiff or its restaurant, Reza's, or as to the origin, sponsorship, or approval by Plaintiff of Reza's restaurant of Oakbrook, causing consumers to rely thereon, in violation of the common law of Illinois.

60. Defendant's acts were undertaken in bad faith and conscious disregard of Plaintiff's protected trademark rights, in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff, its restaurant Reza's restaurant of Oakbrook, and Reza's trademark.

61. Defendants thereby intended to mislead the public into believing that there is a connection, affiliation, or association between Defendants or its competing restaurant, Reza's restaurant of Oakbrook, and Plaintiff and its restaurants, Reza's.

62. Defendants misappropriated valuable property rights of Plaintiff's, are trading on the goodwill symbolized by its registered "Reza's" Mark and, by reason of Defendants' acts, the Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation, and goodwill, and will sustain loss of revenues and profits.

63. Unless enjoined by this Court, Defendants will continue to perform the acts complained of and cause Plaintiff damages and injury.

### COUNT FIVE
### VIOLATION OF ILLINOIS CONSUMER FRAUD AND
### DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, et seq.

1-63. The plaintiff repeats and realleges Paragraphs 1 - 63 of this Complaint as and for this Count Five.

64. As a result of its unauthorized use of the infringing Reza's Mark in connection with the advertising, promotion and operation of Defendants' competing restaurant, Reza's restaurant

of Oakbrook, Defendants are likely to cause confusion or to cause mistake or to deceive the public, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. (the "Illinois Consumer Fraud Act"). See, 815 ILCS 505/2 (prohibiting unfair methods of competition and unfair or deceptive acts or practices, including but not limited to any deception, fraud, false pretense, or misrepresentation).

65. Defendants are likely to mislead and to continue to mislead prospective consumers as to an affiliation, connection or association of Defendants or its competing restaurant, Reza's restaurant of Oakbrook, with Plaintiff or restaurant, Reza's or Reza's restaurant of Oakbrook, or as to the origin, sponsorship, or approval by Plaintiff of Reza's restaurant of Oakbrook, causing consumers to rely thereon, in violation of Section 2 of the Illinois Consumer Fraud Act.

66. Defendants' acts were undertaken in bad faith and conscious disregard of Plaintiff's protected rights and trademark rights, in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff, its restaurant Reza's, and its Reza's trademark. Defendants thereby intended to mislead the public into believing that there is a connection, affiliation, or association between Defendants or its competing restaurant, Reza's restaurant of Oakbrook, and Plaintiff and the restaurants, Reza's.

67. Defendants misappropriated valuable property rights of Plaintiff, is trading on the goodwill symbolized by its registered Reza's mark and, by reason of the Defendants' acts, Plaintiff has suffered and will continue to suffer damage and injury to the business, reputation, and goodwill, and will sustain loss of revenues and profits.

68. Unless enjoined by this Court, Defendants will continue to perform the acts complained of and cause Plaintiff damages and injury.

69. Pursuant to Section 10a of the Illinois Consumer Fraud Act, the court may, in its discretion, award actual economic damages or any other remedy which it deems proper, including the assessment of punitive damages and award of Plaintiff's reasonable attorney's fees and costs. See, 815 ILCS 505/10a.

**COUNT SIX**
**VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE**
**TRADE PRACTICES ACT, 815 ILCS 510/1 *et seq.***

1-69. Plaintiffs repeat and reallege Paragraphs 1 - 69 of this Complaint as and for Paragraphs 1-69 of this Count Six.

70. As a result of its unauthorized use of the infringing Reza's Mark in connection with the advertising, promotion and operation of Defendants' competing restaurant, the Defendants are likely to cause confusion or mistake or to deceive the public, in violation of the *Illinois Uniform Deceptive Trade Practices Act*, 815 ILCS 510/1, et seq. (or the "Illinois Deceptive Practices Act"). See, 815 ILCS 510/2(a) (defining deceptive trade practices to include "passing off goods or services as those of another" and/or causing "likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services").

71. Defendants have misled, are are likely to continue to mislead prospective consumers as to an affiliation, connection or association of Defendants or their competing restaurant, Reza's restaurant of Oakbrook, with Plaintiff or its restaurants, Reza's, or as to the origin, sponsorship, or approval by Plaintiff of Reza's restaurant of Oakbrook, causing consumers to rely thereon, in violation of Section 2 of the Illinois Deceptive Practices Act.

72. Defendants' acts were undertaken in bad faith and in a deliberate attempt to capitalize on the goodwill and reputation of Plaintiff, its restaurants, Reza's, and its registered trademark for Reza's and to mislead the public into believing that there is a connection, affiliation, or

14

association between Defendants or the restaurant, Reza's restaurant of Oakbrook and Plaintiff and restaurants, Reza's.

73. Defendants misappropriated valuable property rights of Plaintiff, is trading on the goodwill symbolized by its registered Reza's Mark and, by reason of the Defendants' acts, Plaintiff has suffered and will continue to suffer damage and injury to the business, reputation, and goodwill, and will sustain loss of revenues and profits.

74. Unless enjoined by this Court, Defendants will continue to perform the acts complained of and cause Plaintiff damages and injury.

75. Defendants' representations to the customers and general public violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

76. A person likely to be affected by the deceptive trade practices of another may be granted injunctive relief upon terms that the court considers reasonable, without the necessity of proof of monetary damages, loss of profits or the intent to deceive per 815 ILCS 510/3.

77. Costs or attorney's fees, or both, may be assessed against a defendant if the court finds that they have willfully engaged in a deceptive trade practice. See, *Id.*

78. In order to prevail under the Illinois Deceptive Practices Act, Plaintiff need not prove competition between the parties or any actual confusion or misunderstanding. See, 815 ILCS 510/2(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff REZA TOULABI prays for a judgment in his favor and against Defendant MOHAMMED TARIQ SIDDIQUI, Defendant TLC CONSULTANTS, INC., and Defendant REZA'S OF OAKBROOK INC., d/b/a Reza's restaurant of Oakbrook, as follows:

(A) Permanently enjoining and restraining Defendant Reza's of Oakbrook Inc., Defendant Tariq Siddiqui and Defendant TLC Consultants, Inc., and their officers, agents, members, employees, representatives, assigns and all others acting in concert or participation with any of them from:

1) Using the name or Mark Reza's, Reza's of Oakbrook, or any other colorable imitation of such names or Marks, or any Mark that is confusingly similar to Plaintiff's Reza's name or the names of Plaintiff's goods or any names that are confusingly similar to the Plaintiff's goods, in connection with any goods or services; and

2) Doing any other act or thing likely to induce the belief that Defendants' competing restaurant is in any way connected with Plaintiff's business or products, or is sponsored, affiliated or approved by Plaintiff;

(B) Directing Defendants to:

1) Account for and pay over to Plaintiff the sum of three times all profits derived by Defendants from acts complained of herein, together with prejudgment interest;

2) Pay to Plaintiff the sum of three times all other damages it has suffered as a result of the acts of Defendants complained of herein, together with prejudgment interest;

3) Pay an award of punitive damages to Plaintiff;

4) Pay Plaintiff's reasonable attorneys' fees and costs in this action;

5) File with this Court and serve on Plaintiff's counsel, within thirty days after entry of an injunction issued by this Court, a sworn written statement as provided in 15 U.S.C. §1116;

(C) Award costs, attorneys' fees, expenses, and punitive damages per 815 ILCS 510/1 *et seq.*;

(D) Awarding Plaintiff such further relief as this Court deems just and equitable.

## JURY DEMAND

The Plaintiff demands trial by jury on all issues triable by jury.

Respectfully submitted,

REZA TOULABI

/s/Michael C. Goode, Esq.
BY: Attorney for Plaintiff, Reza Toulabi

ILARDC 3125086
Law Office of Michael C. Goode
Michael C. Goode
1300 E. Woodfield Road, Ste. 150
Schaumburg, IL 60173
312-541-1331
Lawoffice_mcgoode@yahoo.com

ILARDC 6208644
The Winkler Group LLC
Sheila Genson
1300 E. Woodfield Road, Ste. 150
Schaumburg, IL 60173
847-466-5280
sheila@winkler-law.com